Karnail SINGH, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–73091.

Agency No. A76–844–238.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2003.*

Decided Oct. 23, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before WARDLAW, BERZON and CLIFTON, Circuit Judges.

## MEMORANDUM**

Karnail Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' dismissal of his appeal from an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the IJ's factual determinations regarding eligibility for asylum and withholding of removal. *INS v. Elias–Zacarias*, 502 U.S. 478, 481

n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We grant the petition.

■ The IJ found Singh's testimony credible that police detained him without charge and severely beat him. Absent evidence that Singh's detention was pursuant to a legitimate prosecutorial purpose, a presumption exists that he was persecuted. *Ratnam v. INS*, 154 F.3d 990, 995–96 (9th Cir.1998) (rejecting "the argument that extra-prosecutorial torture, if conducted for intelligence gathering purposes, does not constitute persecution.").

Because the record evidence supports the conclusion that Singh suffered past persecution on account of political opinion, he is entitled to the presumption that he has a well-founded fear of future persecution. *See Singh v. Ilchert*, 63 F.3d 1501, 1510 (9th Cir.1995).

■ The IJ's conclusion that a fundamental change in circumstances in India rebutted Singh's well-founded fear of future persection is flawed because the evidence of country conditions, while noting improvement in some areas, also cites continued widespread abuses of Sikhs by police and paramilitary units in India. *See Kataria v. INS*, 232 F.3d 1107, 1115 (9th Cir.2000).

■ Moreover, the observation that there is an "absence of evidence that any family members remaining in India have been harmed," is by itself insufficient to rebut the presumption of a well-founded fear of persecution. *See Rios v. Ashcroft*, 287 F.3d 895, 902 (9th Cir.2002) (holding that family's continued residence in country of origin does not rebut the well-founded fear of persecution where there is "no evidence that the family is similarly situated or subject to similar risk, and nothing

in the record supports an inference that their safety ensures that [petitioner] will be safe.").

Singh is not entitled to withholding of removal because he has not demonstrated it is "more likely than not that he will be persecuted on account of one of the five enumerated factors were he to return" to India. *See Ladha v. INS*, 215 F.3d 889, 897 (9th Cir.2000).

Because Singh is eligible for asylum, we grant the petition and remand for the Attorney General to exercise his discretion. *Navas v. INS*, 217 F.3d 646, 655 (9th Cir.2000).

**PETITION FOR REVIEW GRANTED, REMANDED.**